UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FOON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE MANAGEMENT COMPANY, LLC, and DOES 1 to 10, inclusive,<br><br>Defendants. | No. 2:19-cv-01420-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Michele Foon ("Plaintiff"), individually and on behalf of all similarly situated individuals, initiated this putative wage and hour class action against Defendant Centene Management Company ("Defendant") in San Joaquin County Superior Court. Defendant thereafter removed the action to federal court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Presently before the Court is Defendant's Motion to Dismiss six of Plaintiff's causes of action. ECF No. 19. For the following reasons, Defendant's Motion is GRANTED with leave to amend.[1]

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Defendant employs Plaintiff in an hourly, non-exempt position in California. Plaintiff alleges that Defendant failed to provide all required ten-minute rest breaks to Plaintiff and former and other current non-exempt employees. Defendant also allegedly required Plaintiff to work double-digit-hour days without providing the requisite breaks and failed to provide Plaintiff and other similarly situated employees with meal breaks when they worked shifts exceeding five hours per day.

Further, when Defendant paid Plaintiff and putative class members for missed and/or non-compliant meal and rest breaks, it did so only at their base hourly pay rate and not their "regular rate of compensation," which would include commissions, non-discretionary bonuses, and other items of compensation. Defendant also allegedly failed to indemnify its California employees for all necessary expenditures or losses incurred during the discharge of their duties, including those for computer and internet equipment and services. For example, Defendant allegedly failed to compensate Plaintiff for her cell phone and equipment services costs, office equipment and rent, and mileage, which were incurred directly in discharge of her work duties. Finally, Defendant allegedly did not include on the employees' itemized written statements all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

On April 19, 2019, Plaintiff provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendant regarding the alleged Labor Code violations. Plaintiff never received written notice from the LWDA stating it intended to investigate Plaintiff's allegations. She thereafter initiated this action setting forth the following causes of action: (1) Failure to Provide Rest Breaks; (2) Failure to Provide Meal Breaks; (3) Failure to Reimburse; (4) Failure to Provide Accurate Itemized Wage

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Class Action Complaint.  Ex. A, ECF No. 1-1 ("Compl.").

Statements; (5) Violations of Business and Professions Code §§ 17200 et seq.; (6) Violation of the Private Attorneys General Act ("PAGA"); and (7) Failure to Produce Records Upon Request.[3]

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations

---

[3] Defendant has not moved to dismiss Plaintiff's Seventh Cause of Action, which shall be allowed to proceed.

3

omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

     A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///

///

///

# ANALYSIS

### A. First and Second Causes of Action: Failure to Provide Rest Breaks and Meal Breaks

To state the foregoing claims, a plaintiff must "allege facts showing that there was a given week in which he [or she] was entitled to but denied minimum or overtime wages" and must provide "sufficient detail about the length and frequency of [his or her] unpaid wages." Landers v. Quality Communications, Inc., 771 F.3d 638, 645-46 (9th Cir. 2014), as amended (Jan. 26, 2015).[4]  Therefore, a plaintiff is required to allege facts identifying at least one workweek in which he or she was denied required breaks.

Plaintiff alleges Defendant "intentionally and regularly failed to provide all 10-minute rest breaks to [Plaintiff] and former and other current non-exempt employees for every 4 hours they worked, in violation of Labor Code §§ 226.7 and 512." Compl., ¶ 7. Plaintiff further alleges Defendant "repeatedly within the past months required her to work double-digit-hour days without providing required rest breaks"; and that Plaintiff "and other members of the Rest Break Class were not provided with rest breaks as required by law, nor did they receive an additional hour of premium pay for each missed rest break." Id. ¶¶ 8, 37.  These conclusory allegations lack any factual detail from which the Court could plausibly infer how Plaintiff suffered any actual violations.  Therefore, in accordance with Landers, Plaintiff's rest and meal break claims are DISMISSED with leave to amend.

### B. Third Cause of Action: Failure to Reimburse for Business Expenses

"To establish liability under Labor Code § 2802, an employee must show that (1) the employee made expenditures or incurred losses; (2) the expenditures or losses

---

[4] California district courts routinely apply the Landers standard, which was directed at claims arising under the federal Fair Labor Standards Act, to California Labor Code Violations.  See Mie Yan v. Francesca's Collections, Inc., 2018 WL 984637, at *8 (N.D. Cal. Feb. 20, 2018) ("Federal courts considering claims under the California Labor Code apply the standard set forth in Landers[.]"); Shann v. Durham School Services, L.P., 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) ("The pleading standards set forth in Landers apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations.").

5

were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were necessary." Lindell v. Synthes USA, 155 F. Supp. 3d 1068, 1075 (E.D. Cal. 2016) (internal quotations and citations omitted).  Whether the expenditures were "'necessary' . . . depends on the reasonableness of the employee's choices." Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 568 (2007).  Additionally, "before an employer's duty to reimburse is triggered, it must either know or have reason to know that the employee has incurred an expense." Stuart v. RadioShack Corp., 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009).

Plaintiff alleges that she "and the other members of the Reimbursement Class were not indemnified by [Defendant] for necessary expenses such as internet service and mileage." Compl., ¶ 45(a).  Again, such an allegation is too conclusory.  Plaintiff fails to explain the necessity and reasonableness of her expenses in relation to the business and fails to present any costs for her expenses.  Without additional facts, the Court cannot evaluate whether § 2802 applies to Plaintiff's allegations in the first place. See Wert v. U.S. Bancorp, 2014 WL 2860287, at *6 (S.D. Cal. June 23, 2014) (dismissing similar allegations as inadequate).  Given the complete dearth of facts in the Complaint, the Third Cause of Action is DISMISSED with leave to amend.

### C.  Fourth Cause of Action: Failure to Provide Accurate Itemized Wage Statements

Plaintiff asserts Defendant failed to furnish wage statements as required by Labor Code § 226.  To establish a § 226 claim, the Plaintiff must demonstrate both a violation of § 226(a) and an injury under § 226(e). Apodaca v. Costco Wholesale Corp., 675 F. App'x 663, 665 (9th Cir. 2017).  Under § 226, an employer shall provide his or her employee a written itemized statement showing, among other things, gross wages earned, total hours worked by the employee, and inclusive dates of the period for which the employee is paid.  Cal. Lab. Code § 226(a).  In turn, under § 226(e)(2)(A), "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails

to provide accurate and complete information as required by any one or more of the items" identified in § 226(a) "and the employee cannot promptly and easily determine [such information] from the wage statement alone . . . "  Finally, Labor Code § 226(e) allows recovery if an employee is suffering from injury resulting from "a knowing and intentional failure by an employer" to provide itemized and accurate wage statements.  Under § 226(e), "a failure to pay wages is only 'willful' where the Defendant has no 'good faith' argument that wages were not owed (i.e., a violation is only willful where the Defendant cannot raise any defense to payment in good faith)."  Woods v. Vector Mktg. Corp., No. C-14-0264 EMC, 2015 WL 5188682, at *8 n.8 (N.D. Cal. Sept. 4, 2015).

Plaintiff fails to adequately show an injury because she did not allege either that she was not provided wage statements at all or that the wage statements she did receive prevented her from "promptly and easily determine[ing]" the wages paid.  See Avina v. Marriot Vacations Worldwide Corp., 2018 WL 6844713, at *5 (C.D. Cal. Oct. 15, 2018) ("Since Avina has not alleged that he did not receive a wage statement, to show injury he must allege facts that indicate that he could not promptly and easily determine what wages he was already paid or that the wage statements otherwise failed to comply with § 226(a)'s requirements.  It is not enough that he allege that the statements were inaccurate.").  In addition, her Complaint is wholly conclusory as to whether any failure on Defendant's part was "willful."  Plaintiff's Fourth Cause of Action is thus DISMISSED with leave to amend.

### D. Fifth Cause of Action: Violation of Business and Professions Code § 17200

Plaintiff's Fifth Cause of Action is derivative of her foregoing claims.  See Compl., ¶ 54 ("The statutory violations, as alleged above in the First through Fourth Causes of Action, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code §§ 17200 et seq).").  Given its derivative nature, the Fifth Cause of Action is also DISMISSED with leave to amend.

///

### E. Sixth Cause of Action: Violation of PAGA

According to the Complaint, Plaintiff seeks to represent "aggrieved employees" for PAGA purposes, explaining that "[f]ormer and other current California employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with [Defendant]." Compl., ¶ 58. These allegations, however, are legally insufficient. See Duran v. Maxim Healthcare Servs. Inc., No. CV 17-01072-AB (EX), 2018 WL 5915644, at *6 (C.D. Cal. Mar. 9, 2018); Jeske v. Maxim Healthcare Servs., Inc., No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *13 (E.D. Cal. Jan. 10, 2012).[5] Therefore, Plaintiff's Sixth Cause of Action is DISMISSED with leave to amend.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 19) is GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed without leave to amend upon no further notice to the parties.

IT IS SO ORDERED.

Dated: May 5, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] To the extent it is derivative of Plaintiff's other claims, this cause of action also fails for the reasons discussed above.