1  Matthew Righetti, Esq. State Bar No. 121012
   John Glugoski, Esq. State Bar No. 191551
2  **RIGHETTI GLUGOSKI, P.C.**
3  456 Montgomery Street, Suite 1400
   San Francisco, CA 94101
4  Telephone: (415) 983-0900
   Facsimile: (415) 397-9005
5  Email: matt@righettilaw.com
   Email: jglugoski@righettilaw.com
6
7  Reuben D. Nathan, Esq. (SBN: 208436)
   rnathan@nathanlawpractice.com
8  **NATHAN & ASSOCIATES, APC**
   2901 W. Coast Highway, Suite 200
9  Newport Beach, California 92663
   Telephone: (949) 270-2798
10 Facsimile: (949) 209-0303
11
   Attorneys for Plaintiff Michele Foon and the Putative Class
12
             UNITED STATES DISTRICT COURT
13
          EASTERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15  MICHELE FOON, on behalf of herself and others similarly situated, | Case No.:  2:19-cv-01420-MCE-AC |
| 16 | |
| 17       Plaintiff, | CLASS ACTION<br>FIRST AMENDED COMPLAINT |
| 18 | 1.  FAILURE TO PROVIDE REST BREAKS (CLASS ACTION) |
| 19       vs. | 2.  FAILURE TO REIMBURSE (CLASS ACTION) |
| 20 | 3.  FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (CLASS ACTION) |
| 21 | |
| 22 | 4.  VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 (CLASS ACTION) |
| 23  CENTENE MANAGEMENT COMPANY LLC; CENTENE CORPORATION; CENPATICO BEHAVIORAL HEALTH, LLC; ENVOLVE HOLDINGS, INC.; NEBRASKA TOTAL CARE, INC. and DOES 1-10, inclusive, | 5.  PRIVATE ATTORNEYS GENERAL ACT |
| 24 | 6.  FAILURE TO PRODUCE RECORDS UPON REQUEST |
| 25 | |
| 26 | JURY TRIAL DEMANDED |
| 27       Defendants. | |
| 28 | |

Plaintiff Michele Foon ("Foon") brings this action against Defendants Centene Management Company LLC ("Centene Management"), Centene Corporation, Cenpatico Behavioral Health, LLC ("Cenpatico"), Envolve Holdings, Inc. [formerly CenCorp Health Solutions, Inc. ("CenCorp")], Nebraska Total Care, Inc. ("Nebraska Total Care") and Does 1-10, inclusive as referred to herein, for compensatory and statutory damages, penalties, injunctive relief, costs, interest, and attorneys' fees resulting from the defendants' unlawful conduct.

**PARTIES**

1.      Foon is an individual, a resident of San Joaquin County, California, and employed in California. Cenpatico is a registered LLC which operates as a subsidiary of the Centene Corporation.  Foon continued to be employed by various subsidiaries of Centene Corporation until she resigned from her position.

2.      Centene Corporation is a Delaware Corporation qualified to do business and doing business in California.  Centene Management is and was at all times relevant herein a Wisconsin corporation qualified to do business and doing business in California, which are collectively referred to as "Centene"). Centene Corporation is a large publicly traded company listed on the New York Stock Exchange. Centene Corporation operates a mutli-line managed care enterprise that serves as an intermediary through health care programs.  Centene Corporation is commonly ranked among the top 100 on the Fortune 500 list of the largest corporations by total revenue in the United States.  Centene Management is the "management leg" of Centene Corporation's business operations.  Since it is one of the largest corporations in the United States, and like many others of similar size, Centene Corporation owns and operates several wholly owned subsidiaries. These wholly owned subsidiaries are separately incorporated/registered entities that have different LLC/corporate structures being incorporated in different states or within states.  The result is a complex web of corporate entities all ultimately owned and controlled by the parent corporation, Centene Corporation which holds an approximate $75 billion dollar market cap.  Envolve Group, and Nebraska Total Care are wholly owned subsidiaries of Centene Corporation.  Defendant, Envolve Holdings, Inc. is a corporate entity incorporated in Missouri ("Envolve").  Defendant, Nebraska Total Care, Inc. is a corporate entity incorporated in Nebraska.  Defendant, CenCorp

1   Health Solutions, Inc. ("CenCorp") is a corporate entity incorporated in Missouri and changed their

2   corporate name to Envolve Holdings, Inc. on February 18, 2016.  Cenpatico is subsidiary of

3   Envolve which is a wholly owned subsidiary of Centene Corporation.  The subsidiaries of Centene

4   Corporation that are the subject of the complaint, namely Cenpatico, Envolve (formerly CenCorp),

5   and Nebraska Total Care, are managed, operated, and controlled by Centene Corporation. Plaintiff

6   was employed by each of these subsidiaries, but was never provided the proper wage statements to

7   reflect her correct employer. Centene's control of these subsidiaries is clear from the fact it issued

8   wage statements to Plaintiff and Class Memebers from the incorrect employer (subsidiary of

9   Centene) causing confusion.  All of these subsidiaries are incorporated in different jurisdictions,

10  but the principal business location for all subsidiaries is the same address in St. Louis, Missouri.

11  This is an illustration of the complex web of corporate entities that are owned, operated and

12  managed within Centene Corporation's portfolio. At all times, Centene Corporation has managed

13  and operated the payment to all employees from these various subsidiaries, including, but not

14  limited to Centene Management Company LLC, Cenpatico Behavioral Health, LLC ("Cenpatico"),

15  Envolve Holdings, Inc. (formerly CenCorp) ("Envolve") and Nebraska Total Care, Inc. ("Nebraska

16  Total Care"). These subsidiaries were created by Centene as a shield of protection from liability.

17  On information and belief, all of the corporate decisions from these subsidiaries is made in

18  Missouri from Centen's headquarters and Centene's control over these subsidiaries is  pervasive

19  that for purposes of liability there is only one entity depiste the numerous corporate entities that

20  comprise of the Centene brand.  This control by Centene was active and continuing throughout the

21  time period set forth in these allegations

22      3.      Centene, Envolve, Cenpatico, Nebraska Total Care, and Does 1-10 are collectively

23  referred to as "Defendants."

24      4.      Plaintiff is not aware of the true names and capacities of the defendants sued herein

25  as Does 1-10, whether individual, corporate, associate, or otherwise, and, therefore, sues such

26  defendants by these fictitious names.  Plaintiff will amend this complaint to allege their true names

27  and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that

28  each of the fictitiously named defendants is responsible in some manner for the occurrences herein

1   alleged and that Plaintiff's and the similarly situated individuals' injuries herein alleged were

2   legally caused by such defendants.  Unless otherwise indicated, each defendant was acting within

3   the course and scope of said agency and/or employment, with the knowledge and/or consent of said

4   co-defendant.

5   **VENUE AND JURY TRIAL DEMAND**

6       5.      Venue is proper in this San Joaquin County, but Defendants removed this case to

7   this Court on July 25, 2019.

8   **CLASS ACTION ALLEGATIONS**

9       6.      On or about July 17, 2014, Plaintiff, Michele Foon ("Foon" or "Plaintiff") became

10  employed with Cenpatico in Texas.  Plaintiff's position was classified as exempt at the time she

11  was first employed by Cenpatico.  Plaintiff received a series of promotions until she became

12  Utilization Manager (Specialty Therapy & Rehabilitative Services) while working in Texas.

13      7.      Plaintiff had several different employers during the course of her employment

14  between 2014, when Plaintiff was initially hired by Cenpatico.  Plaintiff's employers changed

15  within the Centene family of subsidiaries several times from 2014 until her resignation approx..

16  (2019) – from Cenpatico to Envolve to Nebraska Total Care.  Defendants concealed, obfuscated,

17  and confused Plaintiff and Class Members as to who their actual employer was, all of which

18  information is in the custody, care, and control of Defendants.  Plaintiff's employment with

19  Cenpatico was terminated and she was then hired by Envolve.  Her employment with Envolve was

20  then terminated and she was rehired by Nebraska Total Care. Cenpatico, Envolve, and Nebraska

21  Total Care are separate and distinct legal entities.  Although separate legal entities, it is clear based

22  on the control exerted over these wholly owned subsidiaries that there is a unity of interest between

23  Centene and Cenpatico, Envolve, and Nebraska Total Care such that they are all controlled and

24  operated by Centene.  Centene has ultimate control and exercises the same over these subsidiaries

25  including the payment of wages, issuance of earnings statements and W2's to all employees of

26  Cenpatico, Envolve, and Nebraska Total Care.

27      8.      In or about January 2019, Plaintiff moved locations to Lodi, California as a remote

28  employee of Nebraska Total Care.

9.      Within the relevant time period, including within the past year, Defendants have incorporated a uniform policy, statewide policy throughout California that violates provisions of the California Labor Code and Business and Professions Code.

11.      At all times set forth herein, Defendants employed Plaintiff and class members in the capacity of all non-exempt positions (hereinafter referred to as "non-exempt employees" or "Class Members") were subject to Defendants' Labor Code violations.

12.      On information and belief, Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws. Defendants had the authority to hire and terminate Plaintiff and other Class Members; to set work rules and conditions governing Plaintiff and other Class Members' employment; and to supervise their daily employment activities.

13.      Upon information and belief, during the relevant time frame, Defendants maintained and enforced an aggressive set of demands for these non-exempt employees, including Plaintiff with respect to the goals for its non-exempt employees. Defendants required Plaintiff and Class Members to interrupt or shorten their rest breaks periods in violation of California law as more fully described below.

14.      Upon information and belief, during the relevant time frame, Plaintiff and the Class Members often worked shifts in excess of ten (10) hours, yet were never authorized and permitted to take a second, uninterrupted rest period for ten (10) minutes.  The frequency of this occurrence is readily identifiable from Defendants' timekeeping records.

15.      Despite the above-mentioned period violations, as a consistent policy and practice, Defendants never compensated Plaintiff and/or Class Members an additional hour of pay at their regular rate as required by California law when legally compliant rest periods were not authorized and permitted.

16.      In addition to the failure to authorize and permit (or pay for) second rest periods on shifts exceeding ten (10) hours, during the relevant time frame, Defendants maintained and enforced a schedule and policies (due to business demands) that often required Plaintiff and Class

1  Members to shorten, remain on duty, or forego their lawful rest periods of ten (10) minutes for

2  every four (4) hours worked or major fraction thereof for Class Members, including Plaintiff.

3  Wage orders required that Plaintiff and the Class Members be compensated for the rest periods

4  for which Defendants required Plaintiff and the Class Members to work.  During the course of

5  Plaintiff's employment with Cenpatico, Envolve, Nebraska Total Care, and Centene Corporation,

6  Plaintiff missed on average one (1) rest period per day as a result of the demands for production

7  created by Defendants for Plaintiff and Class Members.  Defendants created work environment

8  through scheduling and ongoing maintenance that prevented Plaintiff and Class Members from

9  taking mandated rest periods on time, were cut short, were on duty, or were interrupted.

10 Defendants' culture with respect to job performance and reviews mandated that Plaintiff and

11 Class Members forego, cut short, or have their rest breaks interrupted, at least 3-4 times a week.

12 This was understood by Plaintiff and Class Members as company culture established by the

13 Defendants.  Plaintiff and Class Members further understood that failure to adhere to this culture

14 would result in reprimand or termination.  On average, during the course of Plaintiff's

15 employment, Plaintiff was forced to work through, be on duty, cut short, or suffer interruptions a

16 minimum of one (1) rest break per day for three-four (3-4u times a week.  Defendants failed to

17 properly compensate Plaintiff and Class Members for these rest periods worked on any given day

18 or in any given workweek. As result of Defendants' demands which were created and enforced by

19 Defendants; during the weeks in which Plaintiff was employed by Defendants in California,

20 including but not limited to weeks of January 2019 through April 2019, Plaintiff on average was

21 forced to cut short, miss, or have interrupted at least one (1) rest break per day, for an average,

22 three-four (3-4) times a week. Defendants failed to compensate Plaintiff with a rest break

23 premium payment at any time during her employment with Defendants wherein she was forced to

24 miss, cut short, or have interrupted her rest break. On information and belief, Defendants have not

25 paid a rest break premium payment for Plaintiff and Class Members' rest breaks that were not

26 authorized and permitted.

27         17.    Despite the above-mentioned rest period violations, Defendants never

28 compensated Plaintiff, and on information and belief, never compensated Class Members one

additional hour of pay at their regular rate as required by California law for each day on which rest periods were not authorized or permitted.

18.     Defendants failed to pay Plaintiff and Class Members the legal wages they earned when due and on time, failed to provide all authorized rest periods owed to Plaintiff and Class Members, and failed to pay one (1) hour wages in lieu of Defendants' failure to authorize and permit rest periods, including at such time when Plaintiff and Class Members were forced to cut short, miss, remain on duty, or have interrupted their rest breaks. The records of Plaintiff and the Class Members during the liability period, which are in Defendants' exclusive possession and control, will show the alleged failures to authorize and permit legally required rest breaks, including failure to include such information on wage statements as required for non-exempt employees by California Labor Code section 226 and applicable California Wage Orders.

19.     Plaintiff and Class Members incurred expenses while carrying out and performing duties for Defendants. Within the relevant time period, including within the past year, and in accordance with a uniform, statewide policy within and throughout California, Defendants failed to indemnify its California employees, both non-exempt, including Plaintiff and Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties, including, for instance, computer and internet equipment and services, in violation of Labor Code § 2802.  Defendants seek to save big bucks from forcing its employees, including Plaintiff and the Class Members, to work from home and seek to intentionally benefit at the cost of the employees from this type of arrangement. A recent study by the University of Ohio recognizes employers save up to $10,000.00 per employee per year by having employees work from home or $1,000,000.00 per every 100 employees.[1]  With full knowledge and intention, Defendants have required Plaintiff and Class Members to shoulder this expense burden that would otherwise be borne by Defendants.

20.     Defendants owe a duty to Plaintiff and members of Plaintiff Classes to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

[1] https://onlinemasters.ohio.edu/blog/how-telecommuting-can-save-businesses-money/

1    Defendants continue to refuse to reimburse and indemnify Plaintiff and members of Plaintiff

2    Classes for all necessary expenditures and losses incurred by them, including but not limited to, the

3    pro rata share of each of their mortgage or rent; property taxes; homeowner insurance premiums;

4    utilities such as electricity, gas, and water; trash collection services, cell phone, and internet.

5           21.     As a remote employee, Defendants knew that Plaintiff and Class Members were

6    incurring expenses for the pro rata share of each of their mortgage or rent; property taxes;

7    homeowner insurance premiums; utilities and devices such as office equipment (electricity, gas,

8    water) office equipment, mileage, cell phone, computer, and internet services ("expenses"), which

9    were incurred in direct consequence of the discharge of their duties, or of their obedience to the

10   directions of Defendants. On information and belief, Plaintiff has expended $400-$700 per month

11   during the duration of the statutory period for all of the expenses which she paid out of her own

12   money, and which was required to perform the duties of her job which required a working space, a

13   secure private space, a computer, and telephone to name a few of Defendants' demands. The

14   expenses were reasonable for Plaintiff and Class Members to incur because they would not have

15   been able to carry out the full duties demanded by their employment with Defendants.  In other

16   words, without incurring expenses such as internet service, a working space, and electricity,

17   Plaintiff and Class Members would not be able to perform their duties for Defendants and any

18   work product submitted would result in termination.  Without electricity, Plaintiff and Class

19   Members would not be able to operate a computer or cell phone, or send emails, all of which, as

20   examples, are essential to perform the duties of their job for Defendants. Additionally, Defendants

21   knew with certainty that Plaintiff's job required her to have a working space that was private as a

22   result of Defendants' security requirements mandated to be complied with by Plaintiff and Class

23   Members.  On information and belief, Defendants have specific knowledge of the actual costs

24   involved in maintaining office space with required functionality for their employees that work out

25   of Defendants' physical offices.  Defendants have forced Plaintiff and Class Members to bear these

26   expenses and have failed to adequately reimburse them. Defendant had the knowledge that Plaintiff

27   and Class Members would incur these expenses but failed to create a reimbursement system or

28   provide for a payment to account for the expenses that would be incurred by Plaintiff and Class

First Amended Class Action Complaint
Page 8 of 29

Members.  On information and belief, Plaintiff and Class Members that have been employed by Defendants and work as designated remote employees or employees that also work outside of a physical office, have incurred no less approximately $5,000 to $12,000 in one year, $10,000 to $24,000 in two years, with continual increases in expenses with more time.  All of the expenses were required to perform the duties demanded by Defendants and without incurring said expenses Plaintiff and Class Members would not have been able to perform those required responsibilities mandated by Plaintiff and Class Members' employment with Defendants.

22.    Within the relevant time period, including within the past year, and in accordance with a uniform, statewide policy within and throughout California, Defendants intentionally and regularly failed to accurately show "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee," in violation of Labor Code § 226(9), on the itemized written statements provided to non-exempt, hourly employees in California, current and former, including Plaintiff, because it miscalculated their regular rate of pay. In regards to Defendants' violations of Labor Code § 226(a)(8), and (9), Plaintiff and the other similarly situated current and former employees in California, were injured by these violations, which were systematic and pervasive violations and not the result of an isolated or unintentional error – i.e., Defendants knowingly and intentionally failed to accurately show the required information on thousands of wage statements, in a uniform manner throughout California. Plaintiff and Class Members suffered injury because a reasonable person would not be able to readily ascertain this information without reference to other documents or information.  For example, Defendants included improper hourly rates, failed to include bonuses, failed to calculate those bonuses, and failed to include the name and address of the correct employer at the time Plaintiff and Class Members worked for Cenpatico, CenCorp Health Solutions, Envolve, Nebraska Total Care, and Centene Corporation.  Plaintiff and Class Members could not quickly and easily determine what, which, when, and how to calculate the amounts listed on the wage statements and which of the Defendants were responsible for the false and incorrect wage statements.

23.    Defendants violated the Labor Code section 226 by failing to include or setting forth false/incorrect information that is otherwise mandated by the statute.  Defendants knowingly

and intentionally[2] failed to comply with Labor Code section 226.  The wage statements issued to Plaintiff are confusing by failing to set forth the correct basic information including correct employer's name and address, correct pay rates, and amounts due and owed to Plaintiff.  From at least one year preceding the filing of the initial complaint, Defendants have consistently failed to include the correct name and address of the employer, failed to set forth correct pay rates, and amounts due and owing, and have failed to include or incorporate bonuses, commissions, or incentive into the regular rate of pay to calculate the correct overtime and double times rates since the outset of Plaintiff's employment until the date of her resignation.  Based on the wage statements furnished to Plaintiff by Defendants, specifically one (1) year before the filing of the initial complaint in this action, Plaintiff has not been able to determine which of the Defendants to make a demand for the miscalculation of wages, improper pay rates, actual hours, gross wages, failure to include premium payment, and incorrect employer.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and Class Members were entitled to receive accurate wages for overtime and double time, and premium wages under Labor Code.

25.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to accurately compensate Plaintiff and Class Members for all hours worked, reimburse Plaintiff and Class Members, as well as pay Plaintiff and Class Members rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

26.      During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly, overtime, and/or on a commission (bonuses/incentive) basis. Defendants designated Plaintiff and other persons working in similar positions with non-exempt status.  Defendants failed to properly incorporate commission, bonus and/or incentive payments into the regular rate of pay when calculating overtime compensation for Plaintiff, and the Class Members. This miscalculation occurred during the entire duration of employment with this

---

[2] Defendants also were sued in class action lawsuit in the state of Washington in 2014 for related wage and hour violations in a case entitled Randolph v. Centene Management Company, LLC, et al., Case No. 3:14-cv-5730.

miscalculation in failing to properly incorporate these commission, bonus and incentive payments into the regular rate of pay when calculating overtime, directly led to Defendants undercompensating Plaintiff and Class Members for overtime hours worked.  Additionally, on information and belief, these commissions, bonus and incentive payments were not always paid or paid on time to Plaintiff and the Class Members when earned or when due, thereby making Defendants liable for failing to timely pay commissions, bonus and incentive payments (or at times at all) and to properly incorporate these commission, bonus and incentive payments into the regular rate of pay when calculating Plaintiff and Class Members overtime compensation. Specifically, Defendants failed to include commissions, non-discretionary bonuses and other items of compensation when determining the "regular rate of pay" of Plaintiff and other non-exempt California employees, current and former in violation of Labor Code §§ 510, 558, 1194, and 1198.   In regard to Plaintiff in particular, Defendants failed to include non-discretionary bonuses when calculating her regular rate of pay and underpaid her. Within the relevant time period, including within the past year, and in accordance with a uniform, statewide policy within and throughout California, Defendants intentionally and regularly failed to accurately show "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee," in violation of Labor Code § 226(9), on the itemized written statements provided to non-exempt, hourly employees in California, current and former, including Plaintiff, who earned overtime wages for work in excess of twelve (12) hours in one day and in excess of eight (8) hours on any seventh day of a workweek, i.e., "double-time." For example, Defendants furnished inaccurate wage statements in regard to pay periods in which Plaintiff earned double-time overtime.  For example, on Plaintiff's wage statement showing a pay date of April 19, 2019, Defendants indicate that Plaintiff was paid "Doubletime" at the incorrect rate of $40.39; the accurate double-time rate is in excess of $80.00.  Dating back four (4) years from the date of filing the initial complaint while employed by Defendants, Plaintiff received ongoing bonuses that were not calculated into the regular rate to determine the overtime rate. Plaintiff was not able to promptly and easily determine the correct amount of overtime due to Plaintiff and was not able to determine her the employer based on the wage statements.

27.     Such actions and policies, as described above and further herein, were and continue to be in violation of the California Business and Professions Code section 17200, et seq. (predicate statutes, including Cal. Labor Code) and California Labor Code.  Plaintiff, on behalf of herself and Class Members in addition to the claims set forth under California Business and Professions Code section 17200, et al. and the California Labor Code, bring a PAGA action and seek penalties for violations of the California Labor Code section 2699, et seq., including without limitation to sections 201, 202, 203, 204, 210, 218.5, 221-224, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194, 1197, 1197.1, 1198, 2751, and 2698 et seq., applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000, et seq.

28.     Under the terms of her employment, Defendants designated Plaintiff's position as exempt during her entire employment with Defendants. On information and belief, Defendants designated all persons with similar duties employed (by Defendants or in the position of Specialty Therapy & Rehabilitative Services) as exempt during the same period.  In or about July 2018, Defendants re-classified Plaintiff and Class Members' position to non-exempt.  At all times prior to July 2018, Defendants misclassified Plaintiff and similarly situated persons employed by Defendants with similar duties employed by Centene.

29.     On April 11, 2019 and June 4, 2019, with multiple letters issued on the same day, Plaintiff provided written notice to the Labor and Workforce Development Agency ("LWDA") and Centene regarding the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support those alleged violations.

30.     As of this amendment, more than 65 calendar days after Plaintiff's written notice, the LWDA has not provided written notice that it intends to investigate her allegations. Accordingly, Foon has satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to recover penalties against Defendants, in addition to other remedies, for violations of the California Labor Code.

## CLASS ACTION ALLEGATIONS

31.     The putative classes which Plaintiff seeks to represent consists of the following:

a.   All current and former non-exempt California employees of Defendants who worked one or more shift longer than three and one-half hours from 4 years prior to the filing of the instant complaint through the date of final judgment (the "Rest Break Class");

b.   All current and former California employees of Defendants, both exempt and non-exempt, who incurred necessary expenditures or losses as a direct consequence of the discharge of their duties from 4 years prior to the filing of the instant complaint through the date of final judgment (the "Reimbursement Class");

c.   All current and former non-exempt California employees of Defendants who worked overtime from 4 years prior to the filing of the instant complaint through the date of final judgment (the "Overtime Class");

d.   All current and former California employees of Defendants, both exempt and non-exempt, whom Centene furnished a wage statement from one year prior to the filing of the instant complaint through the date of final judgment (the "Statement Class");

e.   All current and former California employees of Defendants, both exempt and non-exempt, whom Defendants failed to pay wages on time three years prior to the filing of the instant complaint through the date of final judgment (the "Waiting Time Class"); and

f.   All current and former Utilization Managers, Specialty Therapy & Rehabilitation Services employed by Defendants, at any time within four years from the date of the initial complaint through the present date ("Utilization Manager Class").

(Collectively all classes will be referred to as "Class Members).

32.   The Rest Break Class, the Reimbursement Class, the Overtime Class, and the Wage Statement Class are collectively referred to as the Class.

33.     Each class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.  Foon is informed and believes, and based thereon alleges, that Centene employ more than 1,000 employees who satisfy each class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Centene's records and through discovery pursuant to this class action.

34.     This action may be maintained as a class because the questions of law and fact which are common to the Class clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.  For instance, predominating common or class-wide questions of law and fact include the following:

a.     Whether Defendants failed to provide non-exempt employees with compliant rest breaks;

b.     Whether Defendants provided all premium pay to these employees;

c.     Whether Defendants properly calculated overtime rates for pay periods in which an individual earned overtime and received commissions, non-discretionary bonuses and other items of compensation;

d.     Whether Defendants indemnified or otherwise compensated employees for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties;

e.     Whether these violations constitute unlawful business practices;

f.     Whether the wage statements Defendants furnished to California employees comply Labor Code §§ 226(a);

g.     Whether Defendants has adopted and is in compliance with a set of policies that fully comply with Labor Code § 226(a);

h.     Whether Defendants has adopted and is in compliance with a set of procedures that fully comply with Labor Code § 226(a);

i.    Whether Defendants has adopted and is in compliance with a set of practices that fully comply with Labor Code § 226(a); and

j.    Whether Defendants violated Labor Code §2698, et seq.

35.    Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Centene.  Plaintiff's claims are typical of those of the Class because Centene subjected Foon and each member of the Class to the same violations alleged herein.

36.    The defenses of Defendants to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

37.    Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Foon has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due to her and the other class members.

38.    A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because (1) joinder of individual class members is not practicable, (2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, (3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Centene, (4) class members still working for Centene may be fearful of retaliation if they were to bring individual claims, and (5) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

39.    Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Centene, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class

action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

40.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

### FIRST CAUSE OF ACTION
**VIOLATION OF LABOR CODE §§ 226.7 and 512**
**(Failure to Provide Rest Breaks)**
**Against Defendants**

41.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

42.     At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.  Labor Code section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

43.     IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

44.     Plaintiff alleges that Defendants did not provide Plaintiff and Class Members proper uninterrupted rest periods that they were legally entitled to.  Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that

due to business demands often required Plaintiff and Class Members or forego their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof.  Defendants instituted a company-wide policy that demanded Plaintiff and Class Members to work through their rest periods.  Defendants illegally and unlawfully required Plaintiff and members of the Class Members to work through rest periods.  Wage orders required that Plaintiff and the Class Members be compensated for the rest periods for which Defendants required Plaintiff and the Class Members to work. Defendants did not provide Plaintiff and Class Members with a rest break(s) during each workweek throughout the course of employment with Defendants. Defendants failed to compensate Plaintiff and the Class Members for these rest periods worked on any given day or in any given workweek at the regular rate of compensation.

45.     "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation*."  (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872 (emphasis added); *see also Sheppard v. North Orange County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).)  "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).)  "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)  "An employer is required to authorize and permit the amount of

rest break time called for under the wage order for its industry." (*Brinker*, 53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An employer has a duty to authorize and permit rest breaks.").)  "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).)  "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070, § 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").)  "The wage order's requirement not to deduct wages for rest periods presumes [employees] are paid for their rest periods." (*Bluford*, 216 Cal.App.4th at 871.)  "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.).  Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7.  Defendants' compensation plan for Plaintiff and Class Members is in direct violation of rule established above, including as enunciated in *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7, regarding compensation for rest breaks pursuant to California law. Pursuant to Labor Code section 226.7(b) Plaintiff and Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's 'regular rate' of compensation for each rest period (a) that was not authorized and permitted, and/or (b) that was not paid time for a three-year statutory period dating back from the date of the commencement of this action.

46.     Plaintiff and Class Members on information and belief and based upon such basis, allege that Plaintiff and Class Members, were systematically not permitted and/or authorized and/or paid to take one (1) ten (10) minute rest period (off duty for ten consecutive minutes) for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 4-2001, section 12.  Plaintiff and Class Members were under production

demands that prevented them from taking rest breaks.  Defendants did not have a software system implemented to record rest breaks. Plaintiff and the Class Members were not compensated for rest breaks. Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

//

47.     Defendants' conduct, as alleged herein, violates Labor Code section 226.7(a), which authorizes that no employer shall require any employee to work during any rest period mandated by an applicable order of the IWC.

48.     Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiff and Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.  Plaintiff, on information and belief, all aggrieved employees, were systematically not permitted or authorized to take one (1) ten (10) minute rest period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 4-2001, section 12.  On shifts where Plaintiff worked in excess of three and half hours, she was routinely not permitted and authorized to take lawful rest periods.

49.     Plaintiff, and on information and belief, aggrieved employees, were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands.  By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by its non-exempt employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

**SECOND CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 2800, et seq.**
**(Reimbursement of Expenses)**
**Against Defendants**

50.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

51.     Plaintiff and Class Members allege this cause of action against Defendants.

52.     "An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." (Cal. Labor Code § 2800.)

53.     "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

54.     "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

55.     California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

56.     Defendants owe a duty to Plaintiff and Class Members to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer. Defendants continue to refuse to reimburse and indemnify Plaintiff and Class Members for all necessary expenditures and losses incurred by them, including but not limited cell phones, utilities, and computers while performing work for Defendant.

57.     Plaintiff and Class Members have incurred, and some are continuing to incur, necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to Defendant's directions as an employer, which at the time of obeying the directions, Plaintiff and Class Members believed to be lawful.

58.     The acts and omissions herein violated California Labor Code section 2802(a), and

1  further violates California Labor Code sections 221 through 224. Plaintiff and Class Members are

2  entitled to attorney's fees under to California Labor Code section 2802(c).

3     59.    Plaintiff seeks reimbursement and indemnification for her and all other class

4  members similarly situated for all necessary expenditures or losses incurred by them in direct

5  consequence of the discharge of their duties, or obedience to the directions of the defendants as an

6  employer.

7     60.    During the relevant time period, Defendants intentionally and improperly failed to

8  reimburse necessary expenditures Plaintiff and Class Members incurred.

9     61.    Under the California Labor Code sections cited herein, Plaintiff and Class Members

10 are entitled to recover the necessary expenditures they incurred for the four (4) years preceding the

11 filing of their original complaint, plus reasonable attorneys' fees and costs under California Labor

12 Code section 2802.

13    62.    By virtue of Defendants' unlawful failure to reimburse necessary expenditures

14 Plaintiff and members of Plaintiff Classes incurred, Plaintiff and members of Class Members have

15 incurred damages in amounts presently unknown to Plaintiff and Class Members.

16    63.    Plaintiff is informed and believes, and based upon that information and belief

17 alleges, that Defendants, and each of them, knew or should have known Plaintiff and members of

18 Plaintiff Classes were not being reimbursed for all necessary business expenditures they incurred.

19 As a direct and legal (proximate) result of Defendants' violation of the California Labor Code,

20 Plaintiff and members of Plaintiff Classes have been damaged. Under California Labor Code

21 section 2802, Plaintiff and Plaintiff Classes are entitled to, and request reimbursement of all

22 necessary expenditures they incurred, interest, penalties, reasonable attorney's fees, and costs,

23 incurred in this action in an amount to be proven at or following trial of this matter.

24          **THIRD CAUSE OF ACTION**
           **VIOLATION OF LABOR CODE § 226**
25       **(Failure to Provide Accurate Itemized Wage Statements)**
                  **Against Defendants**
26

27

28

64.     Foon hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

65.     Pursuant to Labor Code § 226(a) "an employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and, (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment."

66.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

67.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and a reasonable person would not be able to readily ascertain the information without reference to other documents or information.

68.     During the relevant time period, Defendants knowingly and intentionally failed to furnish complete and accurate itemized wage statements as described above, in violation of Labor Code § 226(a).  Defendants' failures were not isolated or unintentional payroll errors due to a clerical or inadvertent mistake.

69.     Wherefore, Plaintiff and Class Members have been injured as set forth above and request relief as hereafter provided.

//

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.***
**(Unfair Business Practices)**
**Against Defendants**

70.     Foon hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

71.     The statutory violations, as alleged above in the First through Third Causes of Action, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code §§ 17200 *et seq*).

72.     Wherefore, Foon and the other Class Members have been damaged as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF LABOR CODE §§ 2698 *ET SEQ.***
**(Private Attorneys General Act)**
**Against Defendants**

73.     Foon hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

74.     Pursuant to Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf

1  of himself or herself and other current or former employees pursuant to the procedures outlined in

2  Labor Code § 2699.3.

3      75.    Plaintiff was employed by Defendants and the following violations were committed

4  against her during her time of employment: violations of Labor Code §§ 226.7 and 512, for failure

5  to provide rest breaks; violations of Labor Code § 2802, for failure to indemnify for all necessary

6  expenditures or losses incurred in direct consequence of the discharge of her duties; violations of

7  Labor Code §§ 510, 558, 1182.12, 1194, 1194.2, 1197, and 1198, for failure to correctly pay

8  overtime and minimum wage; violations of Labor Code § 204, for failure to timely pay wages; and

9  violations of Labor Code § 226(a)(1), (2), (5), and (9), for failure to furnish complete and accurate

10  wage statements.  Plaintiff is therefore an aggrieved employee as defined by Labor Code § 2699(c).

11  Former and other current California non-exempt employees are also aggrieved employees in that

12  one or more of the alleged violations were also committed against them during their time of

13  employment with Defendants.  Plaintiff seeks to also represent within all non-exempt employees,

14  which is a group of aggrieved employees, who were classified as Utilization Managers.  Former

15  California aggrieved employees also suffered violations of Labor Code §§ 201, 202, and 203, for

16  failures to pay all wages due immediately at the time of discharge, and within 72 hours to those

17  who resigned employment.

18      76.    Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is

19  that which is provided for by the Labor Code or, where no civil penalty is specifically provided,

20  one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and

21  two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

22  violation.

23      77.    Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover

24  the civil penalty on behalf of himself or herself and other current or former employees against

25  whom one or more of the alleged violations was committed.  Furthermore, any employee who

26  prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

27      78.    Wherefore, Plaintiff and the other aggrieved employees have been damaged as set

28  forth above and request relief as hereafter provided.

First Amended Class Action Complaint
Page 24 of 29

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF LABOR CODE §§ 1198.5 *ET SEQ.*
### (Failure to Produce Records upon Request)
### Against Defendants

79.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

80.     Pursuant to Labor Code § 226(c) "[a]n employer who received a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request."

81.     Nevertheless, Defendants failed to allow Plaintiff to inspect or receive a copy of records pursuant to Labor Code § 226(b) within twenty one (21) calendar days of her written request.

82.     Likewise, Labor Code § 1198.5(b) requires that an employer who received a written request to inspect or to receive copies of his or her personnel records make those records available and shall provide copies of the documents within 30 days of receiving the request.

83.     Nevertheless, Defendants failed to allow Foon to inspect or receive a copy of records pursuant to Labor Code § 1198.5 within thirty (30) calendar days of its receipt of Foon's written request.

84.     Wherefore, Plaintiff seeks relief as set forth below.

## SEVENTH CAUSE OF ACTION
### VIOLATIONS OF LABOR CODE §§201-203 *ET SEQ.*
### Against Defendants

85.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

86.     At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

87.     At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  During the relevant time period, Defendants failed to pay Plaintiff and Class Members, who are no longer employed by Defendants, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

88.     Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation form employment.  Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed thirty (30) days of wages.  Plaintiff and Class Members who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and premium payments for non-provided rest periods, but to date have not received such compensation, therefore entitling to wages.

89.     Defendants' failure to pay Plaintiff and Class Members, who are no longer employed by Defendants, all wages earned at the time of their discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of Labor Code sections 201-203.

90.     Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.  Plaintiff and Class Members, who are no longer employed by Defendants, are entitled to recover from Defendants the statutory penalty

1   for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day

2   maximum, pursuant to Labor Code section 203.

3                                **REQUEST FOR JURY TRIAL**

4        Plaintiff hereby requests a trial by jury for all issues so triable.

5                                **PRAYER FOR RELIEF**

6        Plaintiff, on behalf of herself and all other Class Members, pray for relief and judgment

7    against Defendants, as follows:

8        1.    That this action be certified as a class action;

9        2.    That Plaintiff be appointed as the representative of the Class;

10       3.    That counsel for Plaintiff be appointed as Class Counsel;

11       4.    For general unpaid wages at overtime wage rates and such general and special

12   damages as may be appropriate;

13       5.    For wages, compensation, expenses, benefits, and/or penalties pursuant to

14   Labor Code and applicable provisions of California Industrial Welfare Commission Wage Orders;

15       6.    For pre-judgment interest on any unpaid overtime compensation from the date such

16   amounts were due pursuant to Labor Code sections 218.6 and 1194;

17       7.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to Labor

18   Code sections 218.5 and 1194;

19       8.    For civil penalties pursuant to Labor Code section 558;

20       9.    For payments pursuant to Labor Code section 226.7(b);

21       10.   For costs of suit incurred herein;

22       11.   For such other and further relief as the Court may deem equitable and appropriate.

23       12.   For reasonable attorneys' fees and costs pursuant to Labor Code section 226(e);

24       13.   For statutory penalties pursuant to Labor Code section 225.5;

25       14.   For the disgorgement of any and all "unpaid wages" and incidental losses,

26   according to proof;

27       15.   For restitution of "unpaid wages" to Plaintiff and all other Class Members and pre-

28   judgment interest from the day such amounts were due and payable;

---

16.     For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code section 17200 et seq.;

17.     For penalties according to proof, pursuant to Labor Code §§ 2698, et seq.;

18.     Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all others who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

19.     Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

20.     For compensatory damages against Defendants to be paid to the California class, including all wages and overtime pay, and statutory damages for violation of California Labor Code Section 226 owed to the California class under California law;

21.     For attorneys' fees and costs as allowed by Section 1194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and the PAGA;

22.     For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California;

23.     For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein;

24.     For general and special damages;

25.     Restitution and disgorgement;

26.     Statutory damages, civil penalties, and PAGA penalties;

27.     Pre-judgment interest;

28.     For reasonable attorneys' fees and costs; and

29.     For such other and further relief as the Court deems proper.

1  DATED: May 24, 2020                    **NATHAN & ASSOCIATES, APC**

2

3                                         BY:    */s/ Reuben D. Nathan*
                                                 Reuben D. Nathan, Esq.
4                                                NATHAN & ASSOCIATES,
                                                 2901 W. Coast, Suite 200
5                                                Newport Beach, California
                                                 92663
6                                                TEL:   (949) 270-2798
                                                 FAX:   (949) 209-0303
7

8                                                Matthew Righetti, Esq.
                                                 John Glugoski, Esq.
9                                                **RIGHETTI GLUGOSKI,
                                                 P.C.**
10                                               456 Montgomery Street, Suite
                                                 1400
11                                               San Francisco, CA 94101
                                                 Telephone: (415) 983-0900
12                                               Facsimile: (415) 397-9005
                                                 Email: matt@righettilaw.com
13                                               Email:
                                                 jglugoski@righettilaw.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
First Amended Class Action Complaint
Page 29 of 29