UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FOON, on behalf of herself and other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTENE MANAGEMENT COMPANY, LLC, CENTENE CORPORATION, CENPATICO BEHAVIORAL HEALTH, LLC, ENVOLVE HOLDINGS, INC., and DOES 1 to 10, inclusive,<br><br>Defendants. | **Case Number: 2:19-cv-01420-AC**<br><br>Magistrate Judge Allison Claire<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Hearing Date:** July 26, 2023<br>**Time:** 10:00 a.m.<br>**Location:** Courtroom 26, 8th Floor<br><br>[Filed concurrently with Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement; Memorandum of Points and Authorities; and the Declaration of Nathalie Hernandez of ILYM Group]<br><br>[Complaint filed: June 20, 2019] |

Plaintiff's Motion for Final Approval of Class Action Settlement came before this Court on July 26, 2023 at 10:00 a.m., the Honorable Allison Claire presiding. The Court having considered the papers submitted in support of the Motion, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Court adopts all defined terms as set forth in the First Amended Joint Stipulation of Settlement of Class Action ("Joint Stipulation") attached as **Exhibit A** to the Declaration of Matthew Righetti in Support of Plaintiff's Motion for Preliminary Approval (Dkt. 52-1).

2. The Court has jurisdiction over the subject matter of this litigation, the Class Representative, Defendants and the Class Members. The Court hereby grants the Motion for Final Approval, approves the terms of the settlement outlined in the Joint Stipulation, and finds that the settlement is, in all respects, fair, adequate and reasonable and in the best interests of the Class and each Class Member, based on the following factors:

   a. The strength of Plaintiff's case in relation to the amount offered in settlement;
   b. The risk, expense, complexity, and likely duration of further litigation;
   c. The risk of maintaining class action status throughout the trial;
   d. The extent of discovery completed and the stage of the proceedings;
   e. The experience and views of counsel;
   f. The reaction of the class members to the proposed settlement; and
   g. The fact that the settlement was reached after extensive arm's length negotiation conducted in good faith by the parties with the assistance of an experienced mediator.

3. As previously ruled in the Court's Order Granting Preliminary Approval (Dkt. 55), the Class, for settlement purposes only, satisfies the requirements for a Rule 23 settlement class, and is defined as follows:

> "all California-based employees of Defendants employed from June 20, 2015 through July 16, 2021 ("Class Period") as follows: (1) all non-exempt remote employees who had work-from-home arrangements that started prior to March 20, 2020; and (2) all

exempt remote employees who had work-from-home arrangements that started prior to March 2020. (Dkt. 52-1, Ex. A at § D.1).

4. The Court finds that the form and manner of distribution of the Notice of Class Action Settlement, Claim Form, and Exclusion Form (collectively "Notice Packet") was implemented in accordance with this Court's Order Granting Preliminary Approval and the terms of the Joint Stipulation, and constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of Federal Rules of Civil Procedure, Rules 23(d) and (3) as well as due process under all applicable laws.

5. The Court acknowledges that no Class Members objected to the settlement.

6. The Court acknowledges that no Class Members opted out of the settlement.

7. By this Order of Final Approval and Judgment, the Class Representative shall release, relinquish and discharge, and the members of the Class shall be deemed to have fully released their Released Claims, as set forth in the Joint Stipulation.

8. In full compliance with the requirements of 28 U.S.C. section 1715(b), Defendants provided notice of the settlement to (a) the Attorney General of the United States of America and (b) to the appropriate state office (as that term is defined in 28 U.S.C. section 1715(a)(2)) of every state in which a Class Member resides. As further required under 28 U.S.C. section 1715(d), more than 90 days have elapsed since the service of such notices. Neither the Attorney General of the United States nor any appropriate state official has served written objection to the settlement or appeared at the hearing to object to the settlement.

9. The Court hereby directs the parties to effectuate the settlement according to the terms set forth in the Joint Stipulation and this Order.

10. As to the unpaid residue or unclaimed or abandoned class member funds that remain in the Settlement Fund Account after 180 days due to Class Participants' and PAGA Employees' failure to deposit or cash their settlement checks, those funds shall be sent to the State of California's Unclaimed Property Fund in the Class Participants' names.

11. Pursuant to Federal Rule of Civil Procedure 54(a) and (b), the Court hereby enters a judgment based on the terms set forth above in the Settlement Agreement and reserves exclusive and continuing jurisdiction over the litigation, the Class Representative and the members of the Class, and Defendants for purposes of supervising the implementation,

enforcement, construction, administration and interpretation of the Settlement Agreement and this Order of Final Approval and Judgment.

Dated: July 26, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE